```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION

CLIFTON MICHAEL RAY,

        Plaintiff,

v.                              Case No:  2:23-cv-770-JES-NPM

STATE OF FLORIDA, CAPE
CORAL POLICE DEPARTMENT,
FORT MYERS POLICE
DEPARTMENT, and PUBLIC
DEFENDER'S OFFICE, Lee
County,

        Defendants.
_____/
```

## ORDER OF DISMISSAL

Plaintiff Clifton Michael Ray, a pretrial detainee at the Lee County Jail, initiated this action by filing a 23-page handwritten pro se 42 U.S.C. § 1983 civil rights complaint along with 30 pages of attachments. (Doc. 1). Ray generally complains of alleged constitutional violations that occurred during his arrest and his pre-trial court proceedings. He also alleges unconstitutional conditions of confinement and ineffective assistance of counsel. Ray seeks to proceed in forma pauperis (Doc. 4), and his complaint is before the Court on initial screening.

After careful consideration of the complaint and attachments, the Court concludes that Ray has not stated a claim on which relief may be granted. The complaint is, therefore, dismissed without prejudice.

## I. Complaint

On May 20, 2023, Ray was approached by Officer Kelvis Rodriguez as he (Ray) sat in his legally parked car. (Doc. 1 at 5). Officer Rodriguez said that he was there because Ray had violated an open container law. (Id. at 6). Officer Rodriguez told Ray that his vehicle would be searched for narcotics. (Id.) During the search, the police seized pay stubs, gift cards, tax returns, bank and business documents, and electronics, but not narcotics. (Id.) Ray was arrested and the vehicle impounded. (Id.)[1] Ray asserts that he did not receive a property receipt for the vehicle or its contents. (Id. at 7). The remainder of Ray's complaint is directed towards his allegedly inept public defender(s) and the lack of due process afforded to pretrial detainees in Lee County courts. (Id. at 7–18). Ray also complains about the price of commissary items at the Lee County Jail and alleges that his mail has been tampered with. (Id. at 15). Ray names as defendants the State of Florida, the Cape Coral Police

---

[1] The exhibits attached to the complaint show that, when asked for identification Ray provided Officer Rodriguez with a fake identification card, and he was arrested for uttering a false instrument, for providing false identification to a law enforcement officer, and for failing to register as a sex offender. (Doc. 1-1 at 3). See also Criminal case numbers 23-CF-015814, 23-CF-015811 of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida. See https://matrix.leeclerk.org (query: Ray, Clifton).

Department, the Fort Myers Police Department, and the Lee County Public Defender's Office. (Id. at 3-4).

As relief, Ray asks the Court to order the State of Florida to find him innocent of all charges and release him immediately, to waive all fees and fines, and to return his property. (Doc. 1 at 20). He asks for a "serious investigation" into Officer Rodriguez's past traffic stops. (Id.) He also seeks eight million dollars. (Id.)

## II. Legal Standards

### A. 28 U.S.C. § 1915(e)(2)(B)

A federal district court is required to review a civil complaint filed in forma pauperis and to dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e). Specifically, the section provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal-
>
> > (i)   is frivolous or malicious;
> >
> > (ii)  fails to state a claim on which relief may be granted; or
> >
> > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under section 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, among other things, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. Id. at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In making the above determinations, all factual allegations (as opposed to legal conclusions) in the complaint are viewed as

4

true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, the Court must read the plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

### B. 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 imposes liability on persons who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]". 42 U.S.C. § 1983. Therefore, to state a claim under section 1983, a plaintiff must allege that: (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). Additionally, where a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Williams v. Bennett, 689 F.2d 1370, 1380–1381 (11th Cir. 1982).

### III. Discussion

As an initial matter, a plaintiff may set forth only related claims in a single civil rights complaint. Here, Ray alleges completely unrelated claims throughout his 53-pages of pleadings. He argues that his arrest was unconstitutional, complains about his prison conditions, describes the allegedly unconstitutional

5

process he has received in state court, and asserts that he has received subpar representation from his public defenders. Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." And "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Constr. Aggregates, Ltd. v. Forest Commodities Corp., 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quotations and citation omitted); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). Here, there is no logical relationship between Ray's improper arrest, due process, ineffective assistance of counsel, mail tampering, or price gouging claims and, in fact, each of these unrelated claims would involve a separate set of defendants. The complaint is subject to dismissal for this reason alone.

In addition, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered

6

paragraphs, each limited as far as practicable to a single set of circumstances." Complaints that violate Rules 8(a)(2) and 10(b)—in letter or spirit—are often called "shotgun pleadings." Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four categories of shotgun pleadings, including complaints (such as this one) that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323. Also frowned upon are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. (footnote omitted). Here, Ray's listing of unrelated claims, inclusion of irrelevant facts and legal conclusions, and failure to separate his claims by defendant all violate Rules 8(a)(2) and 10, rendering it difficult or impossible for any defendant to file a cogent response to the claims. Therefore, the complaint is subject to dismissal as a shotgun pleading.

Nevertheless, the Court reviews Ray's allegations as best it is able and finds that, even if it did not violate Federal Rules

7

8, 10, and 20(a), his complaint would be subject to dismissal for failure to state a claim on which relief may be granted.

### A. Ray may not use 42 U.S.C. § 1983 to challenge a pending state criminal case.

Ray challenges his state charges in Lee County Circuit Court criminal case numbers 23CF015811 and 23CF015814, and alleges that he is innocent. The state court docket reflects that Ray's criminal cases remain pending.[2] Ray now asks the Court to direct the state to find him "innocent of or drop all charges in all cases and citations and release him immediately[.]" (Doc. 1 at 20).

Where, as here, the relief sought by a prisoner is a judicial determination that he is entitled to release from prison, the inmate's federal remedy is through a writ of habeas corpus, not a section 1983 complaint. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when a prisoner challenges the fact or duration of his confinement, and the relief sought is release, his sole federal remedy is a writ of habeas corpus); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (finding that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' ") (quoting Preiser, 411 U.S. at 489). The Court will not construe Ray's complaint as a habeas petition. He does not style it as such, and he does not allege that he has exhausted his habeas remedies in state court.

---

[2] See https://matrix.leeclerk.org (query: Ray, Clifton).

8

Moreover, Ray may not use section 1983 to challenge an ongoing state criminal case. Federal courts are not intended as a "pretrial-motion forum for state prisoners." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973). Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 45 (1971). Ray provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the Younger doctrine.[3] Accordingly, Ray's complaint is subject to dismissal because he seeks relief that the Court is unable to provide in a section 1983 action. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.  Ray may not sue his public defender under 42 U.S.C. § 1983.**

Ray names the Lee County Public Defender's Office as a defendant. (Doc. 1 at 4). He appears to generally allege that no attorney appointed to represent him has given sufficient attention to his case. Even assuming that Ray is receiving ineffective assistance from the public defenders appointed to represent him, he cannot sue them under section 1983. This is

---

[3] See Hughes v. Attorney General of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004)(noting that the Supreme Court in Younger set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised.").

9

because section 1983 only bars civil rights abuses committed by those acting under color of state law. 42 U.S.C. § 1983. And "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (finding that the public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer"). Therefore, neither the Public Defender's Office nor Ray's individual public defenders are liable under section 1983 for any alleged civil rights violations stemming from their representation. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

**C. Ray has not stated a plausible conditions of confinement claim.**

The Court liberally construes Ray's complaint as attempting to raise unrelated conditions of confinement claims regarding his treatment at the Lee County Jail. Ray alleges that "the State of Florida illegally price gouges inmates for medical products, postal supplies, food and other products." (Doc. 1 at 15). However, claims regarding prison or jail canteen prices do not rise to the level of a constitutional violation. See Ferguson v. Thomas, No. 5:14-cv-02396-RDP-JHE, 2016 WL 3774126, at *11 (N.D. Ala. Jun. 20, 2016) ("Claims concerning canteen prices do not [state a § 1983 claim] because prisoners have no right to use of

10

a prison commissary."); Munson v. Wilcher, No. CV419-058, 2019 WL 2339264, at *3 (S.D. Ga. Apr. 18, 2019) (recognizing that the "Constitution does not guarantee fair prices at the commissary").

Likewise, Ray's sparse allegations regarding mail tampering—that some of his mail has been printed on pink paper or inexplicably opened outside his presence—are too conclusory to state a plausible section 1983 claim. In fact, it is unclear who Ray believes tampered with his mail. As noted, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and even if the Court were to conclude that Ray's sparse allegations stated a plausible section 1983 claim, it is difficult to see how any defendant named in Ray's complaint would be liable. Twombly, 550 U.S. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (alterations and quotations omitted)).

Although the Court must liberally construe a pro se complaint, neither the Court nor the defendants are required to read between the lines or comb through 53 pages of Ray's unfiltered factual allegations and legal conclusions to create a claim on his behalf, which is what Ray appears to ask the Court to do here. See GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th

Cir. 1998) ("Yet even in the case of *pro* se litigants this leniency does not give a court license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]") (citations omitted).  Therefore, Plaintiff's liberally-construed conditions of confinement claims are dismissed for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. Conclusion

Ray has filed an impermissible shotgun complaint, and it would be impossible for any named defendant to file a responsive pleading to the allegations raised therein.  In addition, Ray's complaint does not state a claim upon which relief may be granted against any named defendant.  And while the Court generally allows a pro se plaintiff an opportunity to amend a defective pleading, the claims forming the gravamen of Ray's complaint—challenges to his ongoing state criminal prosecution and to the quality of his legal representation—are not suitable to amendment.  See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019) (recognizing that no leave to amend is required when doing so would be futile).  Therefore, the dismissal is without leave to amend.

To the extent Ray believes he can state a claim against other (unnamed) defendants related to his conditions of confinement at

12

the Lee County Jail, he can file a new complaint that complies with this Order and with the Federal Rules of Civil Procedure.[4]

Accordingly, it is

**ORDERED**:

1. Ray's complaint is **DISMISSED without prejudice** under Rules 8 and 10 of the Federal Rules of Civil Procedure and for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(b)(ii).

2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on this 2nd day of January 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: Clifton Michael Ray

---

[4] Ray will not be assessed a filing fee in this action.

13